## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JANAYA HATTEN and ROBERT HATTEN,

      Plaintiffs,

v.                                                          No. 23-cv-00203-WPJ-LF

    (1) YUSSUF AGANE, individually;
    (2) EDRIS HASSAN, individually;
    (3) JAMES MOULTON, individually;
    (4) UNKNOWN CORPORATIONS OR BUSINESSES 1–5,
        domestic or foreign companies or corporations;
    (5) LANDSTAR INWAY, INC., a foreign corporation;
    (6) PROGRESSIVE CASUALTY INSURANCE COMPANY,
        a foreign corporation;
    (7) SENTRY INSURANCE COMPANY A MEMBER OF
        THE SENTRY INSURANCE GROUP, a foreign corporation; and
    (8) JOHN DOE I – V;

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

    **THIS MATTER** comes before the Court upon Defendant Landstar Inway, Inc.'s ("Defendant" or "Landstar") Motion to Dismiss, filed on March 16, 2023. (Doc. 9). Having considered the Defendant's brief and the applicable law, the Court finds that Defendant's request is well-taken. Therefore, the Motion is **GRANTED** and Plaintiff's claims against Defendant Landstar are dismissed without prejudice. The Court further finds that Plaintiffs' claims against Defendants James Moulton and Sentry Insurance Company are dismissed without prejudice.

## BACKGROUND[1]

While traveling westbound on Interstate-40 on April 3, 2019, Plaintiff Janaya Hatten was involved in a multi-vehicle accident. Doc. 3, Ex. A at ⁋ 51 ("Complaint"). This accident was between Plaintiff, Defendant Yussuf Agane, and Defendant James Moulton. *Id.* Agane was driving a vehicle owned by Ediris Hassan (another defendant) and insured by Progressive Auto Insurance (another defendant). *Id.* at ⁋ 12, 30. Moulton is employed by Defendant Landstar Inway, Inc. and was driving a semi-truck owned by Landstar and insured by Sentry Insurance Company (another defendant). *Id.* at ⁋ 24, 41. Before the state statute of limitations for a personal injury action expired, Plaintiffs sued.

Plaintiffs filed their complaint in the Second Judicial District Court in Bernalillo County, New Mexico, on March 31, 2022, bringing various tort claims. Pursuant to New Mexico rules,[2] Plaintiffs properly served process on Defendants Ediris Hassan and Yussuf Agane on June 27 and July 1, 2022, respectively. *See* Doc. 3, Ex. C & D. Proof of Plaintiffs' service was filed with the state court on July 8, 2022. *Id.* Then, on February 1, 2023, counsel for Defendants Yussuf Agane, Ediris Hassan, and Progressive entered their appearance with the state court. *See* Doc. 3, Ex. H. Shortly thereafter, those three defendants filed an answer. *See* Doc. 3, Ex. K. On March 9, 2023, Defendant Landstar removed the case out of state court to this federal court, despite not yet being served with process. Doc. 1. Because they had yet to be served by the Plaintiffs, Landstar—in lieu of an answer—filed a motion to dismiss for insufficient service of process. Doc. 9.

---

[1] These facts are taken from the Complaint, which, as the Court must for a motion to dismiss, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, the court may consider facts subject to judicial notice without converting the motion into a motion for summary judgment. The court is further permitted to take judicial notice of its own files and records, as well as facts in the public records. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

[2] The New Mexico rules do not specify the deadline for a plaintiff to serve process on a defendant after the complaint is filed; rather, it must be with "reasonable diligence." N.M. Rules Ann. § 1-004.

Defendant Landstar asks this Court to dismiss Plaintiffs' complaint against it for insufficient service of process. *See* Doc. 9. Defendant premises its conclusion on both New Mexico state law and federal law. New Mexico rules require the plaintiff to serve a defendant with "reasonable diligence," (N.M. Rules Ann. § 1-004(C)(2)), and the federal rules require 90 days (Fed. R. Civ. P. 4(m)). Defendant points out that Plaintiffs', in their complaint, even observed that Defendant could be served with process via their registered agent in New Mexico. Lastly, Defendant identifies that the case was removed to federal court but argues that regardless, "Plaintiffs' service is untimely by approximately 260 days," and fails under New Mexico rules and federal rules. Doc. 9 at 5.

To date, Plaintiffs have not filed nor served a response to the Motion.[3] In Defendant's motion to dismiss—and citing local rules—Defendant notes that "Plaintiffs oppose the relief sought in the Motion." Doc. 9 at 2 n.1. However, under this District's local rules, the "failure of a party to *file* and *serve* a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b) (emphasis added). Nevertheless, "it is well established that, despite the avowed rigidity of the rule, the Court must engage with the merits of a motion to dismiss if it is to grant the motion." *Warden v. DirecTC, LLC*, 92 F. Supp. 3d 1140, 1142 (D.N.M. March 23, 2015). The Court will do just that.

## DISCUSSION

New Mexico requires a plaintiff to serve process on a defendant with "reasonable diligence." *See* N.M. Rules Ann. § 1-004(C)(2). However, despite Defendant's state law analysis, New Mexico law does not apply here.[4] Rather, under the Federal Rules of Civil Procedure, federal

---

[3] Plaintiffs have, however, filed on June 16, 2023, a Notice of Dismissal with Prejudice as to Defendant GEICO Advantage Insurance Company, but did "not dismiss its cause of action against the remaining Defendants." Doc. 16.
[4] New Mexico law would apply, say, had the Plaintiffs served Defendant Landstar before removal. *See Palzer v. Cox Okla. Telecom, LLC*, 671 Fed. App'x. 1026, 1028 (10th Cir. 2016) (unpublished) ("Where service is effected prior

rules "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c).

Consequently, federal law governs service of process (yet to be effectuated) after removal,

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. In other words, where "service of process in state court is defective or

incomplete, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) give the Plaintiff [90] days from the date

defendant removes the case to federal court in which the imperfect or defective service may be

cured." *Baumeister v. New Mexico Com'n for the Blind*, 409 F.Supp.2d 1351, 1352 (D.N.M. Jan.

6, 2006). If, after removal, service of process is insufficient, then Rule 12(b)(5) allows a defendant

to "contest[] 'the mode of delivery or the lack of delivery of the summons and complaint.'"

*Gallegos v. New Mexico*, 2022 WL 3226372, at *2 (D.N.M. Aug. 10, 2022) (quoting 5B Charles

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 1353* (3d ed. 2004) (footnote

omitted)). One vehicle to challenge service of process is timeliness under Rule 4(m).

> If a defendant is not served within 90 days after the complaint is filed [or after removal,] the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, application of Rule 4(m) is a two-step inquiry: first, "whether the

plaintiff has shown good cause for the failure to timely effect service;" and second, if no good

cause is shown then "whether a permissive extension of time may be warranted" or dismiss the

case without prejudice. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

---

to removal to federal court, we look to state law to determine if service was effected."). Here, however, service was never effected prior to removal.

Here, since the Plaintiffs did not effectuate service while the case was in state court, Plaintiffs must have completed service within 90 days after the date of removal to federal court. Defendants removed this case to federal court 194 days ago on March 9, 2023. Therefore, Plaintiffs had 90 days from that date to effectuate service: June 7, 2023. To date, Plaintiffs have not served Defendant Landstar with process and even if they were to, any service after June 7, 2023, would be contrary to Rule 4(m). Simply, Plaintiffs are well past the 90-day period. Plaintiffs have failed to show good cause for their failure to timely effect service since no response to the motion to dismiss has been filed; since Plaintiffs have been put on notice to effectuate service at the time of the filing of the complaint, at the time of removal to federal court, and at the time of Defendant's 12(b)(5) motion to dismiss. These factors also weigh against granting a permissive extension for Plaintiff, especially given the amount of time that has lapsed since removal.

## I.    *Sua Sponte* dismissal of Plaintiff's Claim Against James Moulton and Sentry Insurance Company

The Federal Rules of Civil Procedure allow a court to dismiss an action *sua sponte* for a plaintiff's failure to effect timely service. Fed. R. Civ. P. 4(m). To date, only Defendants Yussuf Agane and Ediris Hassan have been served with process. *See* Doc. 3, Ex. C & D. To date, only counsel for Defendants Agane, Hassan, and Progressive have entered appearances and have filed an answer. *See* Doc. 3 ex. H & K. Although Defendants James Moulton and Sentry Insurance Company have not moved to dismiss Plaintiffs' claim against them (nor enter any appearance in state court or this court, *see* Doc. 3 ex. H), the above analysis for failure to timely effect service applies with equal force to these Defendants. *See Gallegos v. New Mexico*, 2022 WL 3226372, at *4 (D.N.M. Aug. 10, 2022) (granting motion to dismiss for insufficient service of process and *sua sponte* dismissing other claims for same reason).

5

## <u>CONCLUSION</u>

The Court finds that Defendant Landstar's Motion to Dismiss is well-taken and is therefore **GRANTED**. Plaintiffs' claims against Landstar Inway, Inc. are dismissed without prejudice. Additionally, the Court, *sua sponte*, dismisses Plaintiffs' claims against Defendants James Moulton and Sentry Insurance Company for the same reasons, without prejudice.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE